**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SUSAN VITELLO, | ) | |
| on behalf of plaintiff and a class, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 10-cv-2394 |
| vs. | ) | |
| | ) | Judge Manning |
| PREDICTO MOBILE LLC., | ) | |
| and JOHN DOES, 1-10, | ) | Magistrate Judge Mason |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF
PRELIMINARY MOTION FOR CLASS CERTIFICATION**

Plaintiff has moved to certify two classes.  These classes have common claims under (1) the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and (2) the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"), against defendant Predicto Mobile, LLC.  For the reasons described below, all requirements of Rule 23 of the Federal Rules of Civil Procedure have been met, and the classes should be certified.

I.  **NATURE OF THE CASE**

1.  Plaintiff brought this action after receiving an unsolicited and unwanted text message call that was sent or that was caused to be sent by defendant.  Upon her opening of the text message sent by defendant, plaintiff was unwittingly enrolled in a subscription program that charged $9.99 per month to her cellular telephone bill.  Plaintiff alleges that defendant violated the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

2.  The TCPA (Count I) makes it illegal to send unsolicited text message calls

1

to any telephone number for which the called party is charged for the call, unless the call is made for emergency purposes or made with the "prior express consent of the party." 47 U.S.C. §227. The ability to "opt out" is <u>not</u> sufficient.

3. The ICFA (Count II) prohibits acts and practices that are contrary to public policy, unscrupulous, and responsible for injury to recipients. As the plaintiff and each putative class member suffered damages as a result of defendant's shifting of costs, the text message calls are contrary to the ICFA.

## II. REQUIREMENTS FOR CLASS CERTIFICATION

4. Federal Rule of Civil Procedure 23(a) states:

**(a) Prerequisites for the maintenance of a class action.**

**One or more members of a class may sue or be sued as representative parties on behalf of all only if:**

> **(1) The class is so numerous that joinder of all members is impracticable,**
>
> **(2) There are questions of fact or law common to the class,**
>
> **(3) The claims or defensives of the representative parties are typical of the claims defenses of the class, and**
>
> **(4) The representative parties will fairly and adequately protect the interest of the class.**

5. Further, Federal Rule of Civil Procedure 23(b)(3) provides that a class action is maintainable if the above prerequisites have been met and:

> **the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.**

6. Class actions are essential to enforce laws protecting consumers. As the

Illinois Appellate Court stated in <u>Eshaghi v. Hanley Dawson Cadillac Co.</u>, 214 Ill. App. 3d 995, 574

N.E.2d 760 (1st Dist. 1991):

> **In a large and impersonal society, class actions are often the last barricade of consumer protection. . . . To consumerists, the consumer class action is an inviting procedural device to cope with frauds causing small damages to large groups. The slight loss to the individual, when aggregated in the coffers of the wrongdoer, results in gains which are both handsome and tempting. The alternatives to the class action -- private suits or governmental actions -- have been so often found wanting in controlling consumer frauds that not even the ardent critics of class actions seriously contend that they are truly effective. The consumer class action, when brought by those who have no other avenue of legal redress, provides restitution to the injured, and deterrence of the wrongdoer.** (574 N.E.2d at 764, 766)

7.      In determining whether a class action will be allowed, the Court should

resolve any doubt regarding the propriety of certification "in favor of allowing the class action,"

so that it will remain an effective vehicle for deterring corporate wrongdoing. <u>Esplin v. Hirschi</u>,

402 F.2d 94, 101 (10th Cir. 1968); <u>accord</u>, <u>In re Folding Cartons Antitrust Litigation</u>, 75 F.R.D.

727 (N.D. Ill. 1977). Finally, the class action determination is to be made as soon as practicable.

8.      As demonstrated below, each of the requirements for class certification is

met.

**A.      Rule 23(a)(1) -- Numerosity**

9.      Fed. R. Civ. P. 23(a)(1) requires that the class be "so numerous that

joinder of all members is impracticable." The numerosity requirement is satisfied if it is

reasonable to conclude that the number of members of the proposed class is greater than the

minimum number required for class certification, which is about 10-40. <u>Kulins v. Malco</u>, 121

Ill. App. 3d 520, 530, 459 N.E.2d 1038 (1st Dist. 1984) (19 and 47 sufficient); <u>Swanson v.</u>

<u>American Consumer Industries</u>, 415 F.2d 1326, 1333 (7th Cir. 1969) (40 class members

sufficient); Cypress v. Newport News General & Nonsectarian Hosp. Ass'n, 375 F.2d 648, 653

(4th Cir. 1967) (18 sufficient); Riordan v. Smith Barney, 113 F.R.D. 60, 62 (N.D. Ill. 1986) (10-

29 sufficient); Sala v. National R. Pass. Corp., 120 F.R.D. 494, 497 (E.D. Pa. 1988) (40-50

sufficient); Scholes v. Stone, McGuire & Benjamin, 143 F.R.D. 181, 184 (N.D. Ill. 1992) (72

class members).

        10.     It is not necessary that the precise number of class members be known:

"A class action may proceed upon estimates as to the size of the proposed class." In re Alcoholic

Beverages Litigation, 95 F.R.D. 321, 324 (E.D.N.Y. 1982).   The court may "make common

sense assumptions in order to find support for numerosity." Evans v. United States Pipe &

Foundry, 696 F.2d 925, 930 (11th Cir. 1983).  "[T]he court may assume sufficient numerousness

where reasonable to do so in absence of a contrary showing by defendant, since discovery is not

essential in most cases in order to reach a class determination . . .  Where the exact size of the

class is unknown, but it is general knowledge or common sense that it is large, the court will take

judicial notice of this fact and will assume joinder is impracticable."  2 Newberg on Class

Actions (3d ed. 1992), §7.22.A.

        11.     It is reasonable to infer numerosity from the fact that defendant used

unsolicited text message calls to generate business.  It makes no economic sense to prepare and

send the text message script unless it is sent to hundreds or thousands of people.

        12.     Thus, the fact that defendant advertised by means of unsolicited text

messages makes it reasonable to infer that the text messages were sent to more than the 20-40

people necessary to satisfy the numerosity requirement.  Swiggett v. Watson, 441 F. Supp. 254,

256 (D. Del. 1977) (in action challenging transfers of title pursuant to Delaware motor vehicle

repairer's lien, fact that Department of Motor Vehicles issued printed form for such transfer in

and of itself sufficient to show that numerosity requirement was satisfied); Westcott v. Califano,

460 F. Supp. 737, 744 (D. Mass. 1978) (in action challenging certain welfare policies, existence

of policies and 148 families who were denied benefits to which policies applied sufficient to

show numerosity, even though it was impossible to identify which of 148 families were denied

benefits because of policies complained of); Carr v. Trans Union Corp., C.A. 94-22, 1995 WL

20865, 1995 U.S. Dist. LEXIS 567 (E.D. Pa. 1995) (Fair Debt Collection Practices Act class

certified regarding defendant Trans Union's transmission of misleading collection notices to

consumers); Colbert v. Trans Union Corp., C.A. 93-6106, 1995 WL 20821, 1995 U.S. Dist.

LEXIS 578 (E.D. Pa. 1995) (same).

**B.      Rule 23(a)(2)  -- Commonality; and Rule 23(b)(3) --
         Common Questions of Law or Fact Predominate**

13.      Fed. R. Civ. P. 23(a)(2) requires that there be a common question of law

or fact.  Rule 23(b)(3) requires that the questions of law or fact common to all members of the

class predominate over questions pertaining to individual members. The commonality

requirement is satisfied if there are common questions linking the class members that are

substantially related to the outcome of the litigation.  Blackie v. Barrack, 524 F.2d 891, 910 (9th

Cir. 1975).  Common questions predominate if classwide adjudication of the common issues will

significantly advance the adjudication of the merits of all class members' claims.  McClendon v.

Continental Group, Inc., 113 F.R.D. 39, 43-44 (D.N.J. 1986); Genden v. Merrill Lynch, Pierce,

Fenner & Smith, Inc., 114 F.R.D. 48, 52 (S.D.N.Y. 1987); Spicer v. Chicago Board Options

Exchange, CCH Fed.Sec.L.Rptr. [1989-90 Transfer Binder] ¶94,943, at p. 95,254 (N.D. Ill.

1990); Alexander Grant & Co. v. McAlister, 116 F.R.D. 583, 590 (S.D. Ohio 1987).  The

"common questions" may be the existence and legality of a standard business practice. <u>Haywood v. Superior Bank</u>, 244 Ill. App. 3d 326, 614 N.E.2d 461, 464 (1st Dist. 1993); <u>Heastie v. Community Bank of Greater Peoria</u>, 125 F.R.D. 669, 774 (N.D. Ill. 1989). Where a case involves "standardized conduct of the defendants toward members of the proposed class, a common nucleus of operative facts is typically presented, and the commonality requirement . . . is usually met." <u>Franklin v. City of Chicago</u>, 102 F.R.D. 944, 949 (N.D.Ill. 1984); <u>Patrykus v. Gomilla</u>, 121 F.R.D. 357, 361 (N.D. Ill. 1988).

   14. There are questions of law and fact common to the classes that predominate over any questions affecting only individual class members. The predominant common questions include:

    a) Whether defendant engaged in a pattern of sending unsolicited text message calls;

    (b) Whether defendant thereby violated the TCPA;

    (c) Whether defendant thereby engaged in unfair acts and practices, in violation of the ICFA;

    (d) whether plaintiff and class members are entitled to statutory damages, attorney's fees, costs, litigation expenses, and an injunction against further text message calls to cellular telephones.

   15. The classes are defined in terms of persons with cellular telephone numbers who were sent automated text message calls by or on behalf of Predicto Mobile, LLC. Defendant may argue that there was consent or an established business relationship with the recipients prior to the time the text message calls at issue were sent. Defendant obviously has

6

records of the persons with whom it does business, and since the TCPA makes it illegal to send

unsolicited text message calls without either an established business relationship or the

recipient's express invitation or permission, defendant can reasonably be expected to maintain

records of persons who consented to the receipt of what would otherwise be illegal text message

calls.

16.     Several courts have certified class actions under the TCPA.  Sadowski v

Med1Online, LLC, 2008 U.S. Dist. LEXIS 12372 (N.D. Ill. May 27, 2008); Hinman v. M & M

Rental Ctr., 521 F. Supp.2d 739 (N.D. Ill. Apr. 7, 2008) (for litigation purposes);  Brill v.

Countrywide Home Loans, Inc., 05 C 2713 (N.D. Ill. June 28, 2006); Lampkin v. GGH, Inc., 146

P.3d 847 (Okla. Ct. App. Oct. 31, 2006); Transportation Institute v. Promo Dart, Inc., No. 06-2-

03460-1 (King Co. Sup. Ct. Wash., Nov. 14, 2006); Kavu, Inc. v. Omnipak Corporation, 2007

U.S. Dist. LEXIS 5207, at *22-23 (W.D. Wash. Jan. 23, 2007); Rawson v. C.P. Partners d/b/a

Comfort Inn-O'Hare, 03 CH 15165 (Cook Co. Cir. Ct.); Telecommunications Design Network v.

McLeodUSA, Inc., 03 CH 8477 (Cook Co. Cir. Ct.);  CE Design v. The Trade Show Network

Marketing Group, Inc., No. 03 CH K 964 (Cir. Ct. Kane Co., Dec. 2, 2004); Travel 100 Group,

Inc. v. Empire Cooler Service, Inc., 03 CH14510 (Cook Co. Cir. Ct.); Bogot v. Olympic Funding

Chicago, No. 03 CH 11887 (Cook Co. Cir. Ct.); Rawson, et. al., v. Robin Levin d/b/a The

Ridgewood Organization, 03 CH 10844 (Cook Co. Cir. Ct.) (for settlement purposes);

Kerschner, et. al., v. Answer Illinois, Inc., 03 CH 21621 (Cook Co. Cir. Ct.) (for settlement

purposes;  Kerschner, et. al., v. Murray and Trettel, Inc., 03 CH 21621 (Cook Co. Cir. Ct.) (for

settlement purposes); Prints of Peace, Inc., d/b/a Printers, Inc. v. Enovation Graphic System,

Inc., 03 CH 15167 (Cook Co. Cir. Ct.) (for settlement purposes);  Law Office of Martha J.

White, P.C. v. Morrissey Agency Inc., 03 CH 13549 (Cook Co. Cir. Ct.) (for settlement purposes); Kerschner, et. al., v. Fitness Image, Inc., Rommey Abdallah, and Bottom Line Sales Systems, Inc., 04 CH 00331 (Cook Co. Cir. Ct.) (for settlement purposes); INSPE Associates, Ltd., et al. v. Charter One Bank, 03 CH 10965 (Cook Co. Cir. Ct.) (for settlement purposes); Bernstein v. New Century Mortgage Corp., 02 CH 06907 (Cook Co. Cir. Ct.) (for settlement purposes); Gans v Seventeen Motors, Inc., No. 01-L-478 (Ill.Cir. Ct.) (for settlement purposes); Nicholson v. Hooters of Augusta, Inc., 245 Ga.App. 363, 537 S.E.2d 468 (2000) (private class action); ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc., 203 Ariz. (App.) 94, 50 P.3d 844 (2002) (same); Core Funding Group, LLC v. Young, 792 N.E.2d 547 (Ind.App. 2003) (same); Biggerstaff v. Ramada Inn and Coliseum, 98-CP-10-004722, (S.C. C.P., Feb. 3, 2000) (same); Biggerstaff v. Marriott International, Inc., 99-CP-10-001366, (C.P. S.C., Feb 20, 2000) (same); Gold Seal v. PrimeTV, No. 49C01-0112-CP-3010 (Marion County, Indiana, August 29, 2002)(same); Jemiola v. XYZ Corp., No. 411237 (C.P. Ohio, Dec. 21, 2001)(same); Salpietro v. Resort Exchange International, No. GD00-9071 (Allegheny Co. C.P.)(same); WPS, Inc. v. Lobel Financial, Inc., No 01CP402029 (C.P. S.C., Oct. 15, 2001) (same); Kenro, Inc. v. APO Health, Inc., No. 49D12-0101-CP-000016 (Ind. Nov. 3, 2001) (same); Syrett v. Allstate Ins. Co., No. CP-02-32-0751 (S.C.C.P. Aug. 12, 2003) (same); Lipscomb v Wal-Mart Stores, Inc., No. 01-CP-20-263 (S.C.C.P. June 26, 2003) (same); Battery, Inc. v. United Parcel Service, Inc., No. 01-CP-10-2862 July 26, 2002) (same); Chaturvedi v. JTH Tax, Inc., No. CD-01-008851 (Pa. C.P. Oct 1, 2001) (same); Dubsky v Advanced Cellular Communications, Inc., No. 2004 WL 503757 (Ohio C.P. Feb. 24, 2004) (same); Inhance Corp. v. Discount Vacation Rentals, No. LALA 004377 (Iowa Dist. Jan. 5, 2001) (same); Inhance Corp. v. Special T Travel

8

Services, Inc., No. LALA 004362 (Iowa Dist. Dec. 8, 2000) (same). Several others were

certified in a Louisiana federal court, against Kappa Publishing Group, Monroe Systems, and

Satellink Paging (The Advocate, Capital City Press, Dec. 28, 2005, p. 1).

### C. Rule 23(a)(3) – Typicality

18. Rule 23 requires that the claims of the named Plaintiff be typical of the

claims of the class:

> A plaintiff's claim is typical if it arises from the same event or practice or course of
> conduct that gives rise to the claims of other class members and his or her claims are
> based on the same legal theory. The typicality requirement may be satisfied even if
> there are factual distinctions between the claims of the named plaintiffs and those of
> other class members. Thus, similarity of legal theory may control even in the face
> of differences of fact.

De La Fuente v. Stokely-Van Camp, Inc., 713 F.2d 225, 232 (7th Cir. 1983) (citation omitted).

19. In the instant case, typicality is inherent in the class definition. By

definition, each of the class members have been subjected to the same practice as the named

Plaintiff, namely they were sent unsolicited text message calls by defendant.

### D. Rule 23(a)(4) -- Adequacy of Representation

20. The adequacy of representation requirement involves two factors: (a) the

plaintiff's attorney must be qualified, experienced, and generally able to conduct the proposed

litigation; and (b) the plaintiff must not have interests antagonistic to those of the class. Rosario

v. Livaditis, 963 F.2d 1013, 1018 (7th Cir. 1992).

21. Plaintiff will fairly and adequately protect the interests of the classes.

Plaintiff has retained counsel experienced in handling class actions and claims involving

unlawful business practices. Plaintiff's counsel's qualifications are set forth in Exhibit A.

Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to

vigorously pursue this action.

**E.      Rule 23(b)(3)  -- Class Action Is Superior to Other Available Methods of Resolving This Controversy.**

22.      A class action is the superior method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims is small because generally the class members are unaware of their rights and have damages such that it is not feasible for them to bring individual actions.  "[O]ne of the primary functions of the class suit is to provide a device for vindicating claims which, taken individually, are too small to justify legal action but which are of significant size if taken as a group."  Brady v. LAC, Inc., 72 F.R.D. 22, 28 (S.D.N.Y. 1976).

23.      The special efficacy of the consumer class action has been noted by the courts and is applicable to this case:

> **A class action permits a large group of claimants to have their claims adjudicated in a single lawsuit.  This is particularly important where, as here, a large number of small and medium sized claimants may be involved.  In light of the awesome costs of discovery and trial, many of them would not be able to secure relief if class certification were denied . . . .**

In re Folding Carton Antitrust Litigation, 75 F.R.D. 727, 732 (N.D. Ill. 1977) (citations omitted).

Another court has noted:

> **Given the relatively small amount recoverable by each potential litigant, it is unlikely that, absent the class action mechanism, any one individual would pursue his claim, or even be able to retain an attorney willing to bring the action. As Professors Wright, Miller, and Kane have discussed in analyzing consumer protection class actions such as the instant one, 'typically the individual claims are for small amounts, which means that the injured parties would not be able to bear the significant litigation expenses involved in suing a large corporation on an individual basis. These financial barriers may be overcome by permitting the suit to be brought by one or more consumers on behalf of others who are similarly situated.' 7B Wright et al., §1778, at 59; see, e.g., Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 809 (1985) ('Class actions . . . may permit the plaintiffs to pool claims which would be uneconomical to**

**litigate individually.'). The public interest in seeing that the rights of consumers are vindicated favors the disposition of the instant claims in a class action form.**

Lake v. First Nationwide Bank, 156 F.R.D. 615, 625 (E.D. Pa. 1994).

24.     Management of this class action is likely to present significantly fewer

difficulties than those presented in many class actions, e.g., for securities fraud.

WHEREFORE, plaintiff requests that the Court certify the classes requested.


Respectfully submitted,


s/Zachary A. Jacobs
Zachary A. Jacobs



Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Zachary A. Jacobs
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)


11

## CERTIFICATE OF SERVICE

I, Zachary A. Jacobs, hereby certify that on May 21, 2010, I had the foregoing document filed via CM/ECF, which sent notification of such filing to the following:

Elizabeth Elmore (eelmore@grippoelden.com)

Michael P. Conway (mconway@grippoelden.com)

s/Zachary A. Jacobs
Zachary A. Jacobs